# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MOL HUNGARIAN OIL AND GAS PLC.,
Október huszonharmadika u. 18.
1117 Budapest, Hungary,

*Petitioner*,

v.

THE REPUBLIC OF CROATIA,
Ministry of Economy
Ulica grada Vukovara 78
10000 Zagreb, Croatia,

*Respondent*.

Civil Action No.

## PETITION TO CONFIRM ARBITRATION AWARD

1.        MOL Hungarian Oil and Gas Plc. ("MOL" or "Petitioner"), a Hungarian company, by its undersigned attorneys, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), petitions this Court for an Order: (1) confirming, recognizing, and enforcing the final award (the "Award") rendered by an arbitral tribunal (the "Tribunal") on December 23, 2016, in an arbitration (the "Arbitration") commenced by the Republic of Croatia ("Croatia" or "Respondent") against MOL, which proceeded under the United Nations Commission on International Trade Law Arbitration Rules 1976 (the "UNCITRAL Rules") and was administered by the Permanent Court of Arbitration (the "PCA"); (2) entering judgment in MOL's favor against Croatia in the amounts of the Award plus pre- and post-judgment interest and the costs of this proceeding; and (3) awarding MOL such other and

further relief as this Court may find just and proper.  A redacted copy of the Award is attached as Exhibit 6 to the accompanying Declaration of Arif Hyder Ali ("Ali Declaration").[1]

## PARTIES, JURISDICTION, AND VENUE

2.      Petitioner MOL is a corporation organized under the laws of the Republic of Hungary.  Petitioner's address is Október huszonharmadika u. 18, 1117 Budapest, Hungary.

3.      Respondent Croatia is a "foreign state" for purposes of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603 (the "FSIA").  It was the claimant in the Arbitration at issue.

4.      This Court has original jurisdiction over this action under 9 U.S.C. §§ 203 and 207 because this is a civil action seeking recognition and enforcement of an award rendered in an arbitration falling under the New York Convention.  The Award is governed by the New York Convention under 9 U.S.C. § 202 because it arises out of a commercial legal relationship that is not entirely between citizens of the United States.

5.      This Court has personal jurisdiction over Croatia pursuant to 28 U.S.C. § 1330(b), which provides that this Court can exercise personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to sovereign immunity under 28 U.S.C. §§ 1605-1607.

6.      Croatia is not entitled to sovereign immunity.  As an action for confirmation of a New York Convention award, this case falls under the exception to sovereign immunity applicable to proceedings brought to confirm arbitration awards that are "or may be governed by a treaty or other international agreement in force in the United States calling for the recognition and

---

[1]     Although MOL does not believe that European Privacy Laws apply to the Award, or to MOL's submission of the Award in this action, in an abundance of caution, MOL is redacting the personal information of or relating to, those private individuals (and the companies to which they are affiliated) who reside in Europe, who are mentioned in the Award, and who did not provide testimony or participate in the Arbitration.

enforcement of arbitral awards."  28 U.S.C. §1605(a)(6).

7.     Venue is proper in this Court pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f)(4)

because Croatia is a foreign state.

## THE ARBITRATION

8.     The underlying dispute between the parties arose out of MOL's investment in INA-

Industrija nafte d.d. ("INA"), a Croatian oil and gas company.  Award, ¶ 15.

9.     MOL purchased a 25% stake in INA in 2003, before which INA was entirely owned

by the Croatian State.   On July 17, 2003, MOL and the Republic of Croatia entered into a

Shareholders Agreement governing their respective rights and obligations as shareholders in INA

("SHA").  Award, ¶ 10.  A true and correct copy of the SHA is attached as Exhibit 1 to the Ali

Declaration.

10.     In the ensuing years, Croatia divested further shares in INA, and in September

2008, MOL became INA's largest shareholder.  On January 30, 2009, MOL and Croatia entered

into two related agreements: the First Amendment to the Shareholders Agreement ("FASHA"),

and the Gas Master Agreement ("GMA") (together, the "2009 Agreements").   The FASHA

redefined the management rights of INA in light of the new ownership structure, giving

management control to MOL; the GMA envisioned the spinoff of INA's gas business, to be

controlled by a new government-owned entity.  *See* Award, ¶¶ 36, 335.  True and correct copies

of these agreements are attached as Exhibits 2-3 to the Ali Declaration.

11.     On January 17, 2014, Croatia filed a Notice of Arbitration against MOL in the

Arbitration that is the subject of this Petition, seeking to nullify the 2009 Agreements and

requesting compensation for damages arising as a consequence thereof.   Croatia requested the

Tribunal to: (a) declare the 2009 Agreements null *ab initio* on the basis that these agreements were

allegedly procured by bribery (specifically, Croatia alleged that MOL's Chairman and Chief Executive Director, Mr. Zsolt Hernádi, bribed Croatia's former Prime Minister, Dr. Ivo Sanader, to use his influence to cause Croatia to enter into the 2009 Agreements); (b) declare that certain terms of the FASHA allegedly violated Croatia's Companies Act; and (c) declare that MOL had breached its obligations under the SHA through alleged mismanagement of INA's business operations, and to award damages for such alleged breaches.  *See* Award, ¶¶ 13, 334, 412-13.

12.     In its Notice of Arbitration, Croatia invoked the arbitration clauses of both the 2003 SHA and the 2009 GMA:

> Two agreements between the Parties provide the consent necessary for jurisdiction over the claims in this arbitration. Claimant invokes Section 15.2 of the Shareholders Agreement (Ex. C-001) in demanding this arbitration. To any extent necessary, Claimant further invokes the dispute resolution procedures of Section 4.8.2 of the Gas Master Agreement, dated 30 January 2009.

*See* Notice of Arbitration, p. 3.  A true and correct copy of the Notice of Arbitration is attached as Exhibit 4 to the Ali Declaration.

13.     The arbitration agreements in the SHA and GMA invoked by Croatia contain identical language.  Article 15.2 of the SHA provides as follows:

> 15.2    All Disputes which may arise between the Parties out of or in relation to or in connection with this Agreement which are not settled as provided in Clause 15.1 shall be finally settled by arbitration in accordance with UNCITRAL.  The number of arbitrators appointed in accordance with the said rules shall be three.  One arbitrator shall be appointed by each Party and the two arbitrators so appointed will agree on the third arbitrator, who shall act as the chairman of the arbitral tribunal. The language of the arbitral proceedings shall be English or such alternate language as the Parties may agree.  The place of arbitration shall be Geneva, Switzerland. Awards rendered in any arbitration hereunder shall be final and conclusive and judgment thereon may be entered into in any court having jurisdiction for enforcement thereof.  There shall be no appeal to any court from awards rendered hereunder.

*See* Award, ¶ 11.

14.     The GMA likewise provides:

    4.8.2.2 All disputes which may arise between the Parties out of or in relation to or in connection with this Agreement which are not settled as provided in Clause 4.8.2.1 shall be finally settled by arbitration in accordance with UNCITRAL.  The number of arbitrators appointed in accordance with the said rules shall be three.  One arbitrator shall be appointed by each Party and the two arbitrators so appointed will agree on the third arbitrator, who shall act as the chairman of the arbitral tribunal.  The language of the arbitral proceedings shall be English or such alternate language as the Parties may agree.  The place of arbitration shall be Geneva, Switzerland.  Awards rendered in any arbitration hereunder shall be final and conclusive and judgment thereon may be entered into in any court having jurisdiction for enforcement thereof.  There shall be no appeal to any court from awards rendered hereunder.

*See* Award, ¶ 12.

15.    As a result of the Notice of Arbitration submitted by the Republic of Croatia, *ad hoc* arbitration proceedings governed by the UNCITRAL Rules commenced between the Republic of Croatia as claimant and MOL as respondent.  The place, or formal seat, of the Arbitration was Geneva, Switzerland.  As stated, the Arbitration was administered by the PCA in The Hague, Netherlands.

16.    A Tribunal comprising three esteemed, highly qualified arbitrators was constituted: Croatia nominated Professor Jakša Barbić, a Croatian national and distinguished academic who is among the leading scholars of Croatian companies law; MOL nominated Professor Jan Paulsson, one of the foremost international arbitration practitioners and arbitrators, holder of the Michael Klein Distinguished Scholar Chair & Professor of Law at the University of Miami School of Law; and the parties agreed to the nomination of Neil Kaplan CBE QC SBS, a former judge of the High Court of Hong Kong and former Chairman of the Hong Kong International Arbitration Center with decades of experience serving as arbitrator, to chair the Tribunal.

17.    The Tribunal based its jurisdiction on the language contained in the arbitration clauses of the SHA (Article 15.2) and GMA (Article 4.8.2.2).  These arbitration clauses establish the jurisdiction of the Tribunal separately and irrespective of each other.

18.     The UNCITRAL Rules provide that an arbitral tribunal constituted under those rules is capable to decide on its own jurisdiction.  UNCITRAL Rules (1976), Art. 21. A true and correct copy of the UNCITRAL Rules (1976) is attached as Exhibit 5 to the Ali Declaration. Notably, neither party submitted a jurisdictional objection in the arbitration.

19.     During the course of the Arbitration, the parties undertook a full exchange of written evidence and pleadings.  The evidence presented included 613 factual exhibits, over 32 written submissions totaling over 1800 pages, 19 witness statements, and 25 expert reports.  The Tribunal held six evidentiary hearings over 19 days between August 2014 and May 2016, during which it heard oral testimony from 15 fact witnesses and 11 expert witnesses.  The Tribunal held hearings in Paris, France; The Hague, Netherlands; Zurich, Switzerland; and London, England.  A procedural history of the Arbitration is provided as Appendix I to the Award.

20.     After an extensive review of the evidence, the Tribunal crafted a well-informed and carefully constructed award that exceeded 190 pages.

## THE AWARD

21.     The Tribunal dismissed all of Croatia's claims.  It came "to the confident conclusion" that Croatia had failed to establish that MOL had paid a bribe to Ivo Sanader to procure the execution of the 2009 Agreements.  Award, ¶ 333.  Accordingly, the Tribunal rejected Croatia's claim that the 2009 Agreements should be declared null *ab initio* as the result of bribery.  Award, ¶ 333.

22.     With regard to Croatia's allegations relating to INA's corporate governance and MOL's alleged breach of the SHA, the Tribunal determined that these "were no more than makeweight claims instituted on the back of the bribery allegation."  Award, ¶ 467.  It determined that INA's corporate governance complied with Croatian corporate law.  Award, ¶ 409.  The

Tribunal further found that MOL made "its best efforts to modernize INA's refineries as agreed in the SHA," Award, ¶ 454, and that Croatia failed to articulate or support its claims that MOL failed to expand exploration in the region on behalf of INA, assist INA in maintaining its market share in Croatia, and expand its network to adjacent markets.  Award, ¶¶ 459, 464.

23.     The Tribunal ordered the Republic of Croatia, as the losing party, to pay to MOL the following amounts:

    a.     EUR 2,416,392.13, USD 4,713,724.09, GBP 2,262,626.42 and CHF 191,032 in respect of MOL's claim for fees and expenses of legal representation;

    b.     EUR 180,352, USD 1,461,435.8, and GBP 1,624,445.2 in respect of MOL's claim for expert fees and expenses;

    c.     EUR 428,925 in respect of MOL's claim for party witnesses and other party representatives; and

    d.     EUR 176,140.09, USD 265,050.49, GBP 99,019.76 and HUF 380,192 in respect of MOL's claim for other expenses.  Award, ¶ 489.

24.     The Award left the question of pre-judgment interest "open as a matter for the determination, if necessary and proper, of any enforcement forum, which may be seized."  Award, ¶ 490.  Pursuant to the Convention, the terms of the Award, and the prior decisions of this Court, MOL is entitled to pre-judgment interest, calculated at the prime interest rate, on the Award amounts, accruing from December 23, 2016, Award, ¶ 490, the date the payment under the Award was due, through the date of this Court's confirmation Order.  *See Continental Transfer Technique Ltd. v. Federal Government of Nigeria*, 932 F. Supp. 2d 153, 163-165 (D.D.C. 2013).  MOL is also entitled to post-judgment interest, calculated at the statutory rate, pursuant to 28 U.S.C. §

1961(a).  *See Continental Transfert Technique Ltd. v. Federal Government of Nigeria,* 850 F. Supp. 2d 277, 286-88 (D.D.C. 2012).

## CROATIA'S FAILED ATTEMPT TO SET ASIDE THE AWARD

25.     Pursuant to Article 32(2) of the UNCITRAL Rules governing the Arbitration, the parties are obliged to comply with the obligations imposed on them in the Award without delay. Further, paragraph 490 of the Award provides that the amounts awarded are due as of receipt of the Award.  In accordance with these provisions, MOL wrote to counsel for Croatia to request payment on December 29, 2016, and again on June 20, 2017.  However, as of the date of this Petition, the Respondent has failed to perform its payment obligations.

26.     Respondent agreed in Article 15.2 of the SHA and in Article 4.8.2.2 of the GMA that any award could be satisfied against any of Respondent's assets.  Those articles provide in identical language that "Awards rendered in any arbitration hereunder shall be final and conclusive and judgment thereon may be entered into in any court having jurisdiction for enforcement thereof."

27.     Under Article 15.3 of the SHA, Respondent unconditionally and irrevocably agreed not to claim sovereign immunity on behalf of itself or with respect to its assets.

28.     Respondent likewise agreed in Article 15.2 of the SHA and in Article 4.8.2.2 of the GMA not to challenge any award of the Tribunal: "There shall be no appeal to any court from awards rendered hereunder."

29.     Notwithstanding its contractual agreement not to challenge any award of the Tribunal, on February 1, 2017, Croatia moved to annul the Award before the Federal Supreme Court of Switzerland.  Croatia complained that its own party-appointed arbitrator, Professor Barbić, had failed to disclose a prior arbitrator appointment by INA in a dispute wholly unrelated

to the dispute between MOL and Croatia; that the Tribunal had improperly refused to admit evidence obtained by Croatian prosecutors from Austria pursuant to mutual legal assistance treaties; and that the Tribunal had failed to address an argument presented by Croatia.

30.     In a decision dated October 17, 2017, the Federal Supreme Court of Switzerland rejected Croatia's annulment application on the basis that Croatia had expressly waived its right to challenge the Award before a court based on the language of SHA Article 15.2 and GMA Article 4.8.2.2: "[t]here shall be no appeal to any court from awards rendered hereunder."  A true and correct copy of the October 17, 2017, decision by the Federal Supreme Court of Switzerland is attached as Exhibit 7 to the Ali Declaration.

31.     Accordingly, the Award has not been set aside or suspended by a competent authority of the country in which, and under the law of which, the Award was made.  The Award is considered final and binding under Swiss law, the law of the place where the Award was rendered.

## LEGAL STANDARD

32.     No grounds exist for this Court to refuse recognition and enforcement of the Award.

33.     Section 207 of the FAA provides that a court "shall confirm" an award covered by the New York Convention "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention."  9 U.S.C. § 207.  None of the New York Convention grounds for denying recognition and enforcement of an award apply in this case.  *See Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, 146 F. Supp. 3d 112, 120 (D.D.C. 2015) ("[T]he FAA affords the district court little discretion in refusing or deferring enforcement of foreign arbitral awards." (quoting *Belize Social Development Ltd. v. Government of Belize*, 668 F.3d 724, 727 (D.C. Cir. 2012))); *see also Argentine Republic v. National Grid PLC*,

637 F.3d 365, 369 (D.C. Cir. 2011) ("Confirmation proceedings under the Convention are summary in nature, and the court must grant the confirmation unless it finds that the arbitration suffers from one of the defects listed in the Convention.").  A party resisting confirmation "bears the heavy burden" of establishing that one of the enumerated grounds for denying confirmation in Article V of the New York Convention applies.  *Gold Reserve*, 146 F. Supp. 3d at 120.

34.     Article IV of the New York Convention provides that a party applying for recognition and enforcement of an award "shall, at the time of the application, supply: (a) [t]he duly authenticated original award or a duly certified copy thereof; [and] (b) [t]he original agreement [to arbitrate] referred to in article II or a duly certified copy thereof."  A copy of the Award, as authenticated and transmitted by the Tribunal, is accordingly submitted herewith (with redactions as noted above).

35.     The parties' agreement to arbitrate is found in Article 15 of the SHA and in Article 4.8 of the GMA.

36.     Pursuant to 9 U.S.C. § 207, Petitioner has brought this action within three years after the Award was made on December 23, 2016.

## REQUESTED RELIEF

37.     For the foregoing reasons, Petitioner is entitled to an order confirming, recognizing, and enforcing the Award pursuant to 9 U.S.C. § 207 and Article IV of the New York Convention.

38.     Petitioner MOL therefore requests that this Court, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*, enter an Order against Respondent:

1.     Confirming the Award and granting judgment in favor of MOL and against Croatia in the amount of:

(i) EUR 2,416,392.13, USD 4,713,724.09, GBP 2,262,626.42 and CHF 191,032 in respect of MOL's claim for fees and expenses of legal representation;

(ii) EUR 180,352, USD 1,461,435.8, and GBP 1,624,445.2 in respect of MOL's claim for expert fees and expenses;

(iii) EUR 428,925 in respect of MOL's claim for party witnesses and other party representatives; and

(iv) EUR 176,140.09, USD 265,050.49, GBP 99,019.76 and HUF 380,192 in respect of MOL's claim for other expenses.

2. Awarding MOL (a) pre-judgment interest, calculated at the prime interest rate, on the Award amounts, accruing from December 23, 2016, through the date of this Court's confirmation Order; and (b) post-judgment interest, calculated at the statutory interest rate, pursuant to 28 U.S.C. § 1961, accruing thereafter through the date of payment.

3. Awarding MOL its costs, including attorneys' fees, in this proceeding.

4. Awarding MOL such other and further relief as the Court may deem to be just and proper, including, as appropriate, the posting of security.

Dated:  November 6, 2017

Respectfully submitted,

*/s/ Dennis Hranitzky*
Dennis Hranitzky
   D.C. Bar No. NY0117
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Arif Hyder Ali*
   D.C. Bar No. 434075
Alexandre de Gramont*
   D.C. Bar No. 430640
Erica Franzetti*
   D.C. Bar No. 985907
DECHERT LLP
1900 K Street NW
Washington, DC  20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
**pro hac vice* admission pending

*Counsel for Petitioner MOL Hungarian Oil and Gas Plc.*